Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

MIDDLE   District of FLORIDA

JACKSONVILLE Division

*RECEPTION AND MEDICAL CENTER*
*DATE: 4/8/22*
*INMATE INITIALS: WB*

JEROME BURGESS aka SHAMLA GOD ALLAH
_____
**Plaintiff(s)**
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

( SEE ATTACHMENT )
_____
**Defendant(s)**
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. 3:22-CV-416-TUC-PDB
*(to be filled in by the Clerk's Office)*

2022 APR 13  AM 11:51
CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                                   JEROME BURGESS AKA SHAM'LA GOD ALLAH

All other names by which
you have been known:

ID Number                           # 990922

Current Institution               RECEPTION MEDICAL CENTER

Address                              P.O. BOX 628

LAKE BUTLER        FLA        32054

City                State           Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                         (SEE ATTACHMENT)

Job or Title *(if known)*

Shield Number

Employer

Address

City                State           Zip Code

☐ Individual capacity      ☐ Official capacity

Defendant No. 2

Name                         (SEE ATTACHMENT)

Job or Title *(if known)*

Shield Number

Employer

Address

City                State           Zip Code

☐ Individual capacity      ☐ Official capacity

Page 2 of 11

Defendant No. 3

    Name                             *(SEE ATTACHMENT)*

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

                           *City*               *State*          *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name                             *(SEE ATTACHMENT*

    Job or Title *(if known)*

    Shield Number

    Employer

    Address

                           *City*               *State*          *Zip Code*

    ☐ Individual capacity     ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.     Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.     Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    SEE ATTACHMENT

C.     Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

SEE ATTACHMENT

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHMENT

C.      What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHMENT

D.      What are the facts underlying your claim(s)? *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*

SEE ATTACHMENT

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

SEE ATTACHMENT

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

SEE ATTACHMENT

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SUWANNEE CORRECTIONAL INSTITUTION

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

EIGHTH AMENDMENT AND FIRST AMENDMENT

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

TO WARDEN AND SECRETARY OF DEPT. OF CORRECTION

2.  What did you claim in your grievance?

FIRST EIGHTH AMENDMENT VIOLATION

3.  What was the result, if any?

APPROVED

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

YES, IT COMPLETE SENT TO IG DEPT.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

      N/A

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

      N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

      EACH CLAIM EXHAUSTED THROUGH THE 3-STEP GRIEVANCE PROCESS

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

    N/A

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   JEROME BURGESS AKA SHAM'LA GOD ALLAH

Defendant(s)   WARDEN HODGSON ETC

2.   Court *(if federal court, name the district; if state court, name the county and State)*

MIDDLE DISTRICT FEDERAL COURT JACKSONVILLE DIVISION

3.   Docket or index number

3:21-CV-358.TJC.PDB

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

MARCH 29, 2021

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.   AUGUST 6, 2021

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

DISMISSED W/O PREJUDICE

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   JEROME BURGESS AKA SHAM'LA GOD ALLAH

Defendant(s)   CAPTAIN WHITE HEAD

2.   Court *(if federal court, name the district; if state court, name the county and State)*

MIDDLE DISTRICT , JACKSONVILLE DIVISION

3.   Docket or index number

3: 18 - CV - 277 - J - 39 MCR

4.   Name of Judge assigned to your case

N/A

5.   Approximate date of filing lawsuit

FEBRUARY 2018

6.   Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition   MARCH 22, 2019

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

SETTLEMENT

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF THE JACKSONVILLE DIVISION

Jerome Burgess /Sham'la God Allah,
  *Plaintiff,*

v.                                          Case No.:

Warden Christopher Hodgson;
Dr. Alexis Figueroa; Nurse (Jane)
Dunaway; Nurse (Jane) Andrews;
Correctional Officer (John) Young,
  *Defendant,*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

A) <u>Warden Christopher Hodgson</u> – was the Warden of Suwannee Correctional Institute at the time of incidents. His duty was to hire the best medical staff available. To provide inmates with care, custody, and control by properly overseeing the prison. He is being sued in his individual and official capacities;

B) <u>Doctor Alexis Figueroa</u> – At time of incidents was the Chief Health Care Official at Suwannee Corrections. His duty was to ensure all inmates receive the best Health Care possible. He is being sued in his individual and official capacities;

C) <u>Doctor (John) Cruz</u> – At the time of incidents he was the Assistant Chief Health Care Official at Suwannee Corrections. His duty was to ensure all inmates receive

the best health care possible. He is being sued in his individual and official capacities;

D) <u>Nurse (Jane) Dunaway</u> - At the time of incidents was a Nurse at Suwannee Corrections. Her duty was to ensure that all inmates receive adequate medical care. She is being sued in her individual and official capacities;

E) <u>Nurse (Jane) Andrews</u> - At the time of incidents was a Nurse at Suwannee Corrections. Her duty was to ensure that all inmates receive adequate medical care. She is being sued in her individual and official capacities;

F) <u>Corrections Officer (John) Young</u> – At the time of the incident was Property/Transport Officer. His duty is to handle all property and to transport inmates, he is being sued in his individual capacities;

## **BASIS FOR JURISDICTION**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. I am bringing suit against:

☐ Federal officials (a Bivens claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the constitution and [federal laws]." 42 U.S.C. § 1983.

2

1. The Plaintiff, is a state prisoner who at the time of incident was housed at Suwannee Correctional on closed management;

2. While at Suwannee Correctional, the Plaintiff was diagnosed with high blood pressure, thyroid complications, urinary retention left side paralysis and is a wheel chair dependant inmate;

3. The Plaintiff, was prescribed multiple medications for his multiple conditions and "coude" catheters for his urinary retention to be used (4) times daily;

4. In February 2018, the Plaintiff filed a (4)claim civil rights complaint in this court (3:18-CV-277-J-39MCR);

5. This complaint, argued that the Plaintiff was denied medical devices such as catheters, ACL foot brace, and his wheel chair. The Plaintiff also argued that several officers utilized unnecessary use of force causing physical injury;

6. After initial civil rights complaint was filed in February 2018 several officer(s) and nursing staff members started making comments to the Plaintiff such as, if he causes trouble at Suwannee like he did at the reception center, that they would fix him up nicely. This is when retaliation for filing grievances/law suits began;

   **DENIAL OF MEDICAL CARE**

7. From March 2018, to August 2019, the Plaintiff filed multiple grievance(s) arguing that he was being denied catheters by the medical staff which was forcing him to reuse old catheters which in turn resulted in multiple urinary tract infections, Heavy bleeding, multiple seizures, and multiple procedures being done.

8. In each response to grievance either by the Warden , defendant(s) Cruz or Figueroa, each stated they would ensure that the Plaintiff would receive his proper catheters and wouldn't be denied them;

9. For the entire month of October 2018, the Plaintiff was denied use of coude catheters in which he declared multiple medical emergencies, stating he was in severe pain with swelling to his stomach;

10. During each declared medical emergency the nursing staff had to administer a procedure to drain the Plaintiff's bladder;

11. Due to continued denial of coude catheters the Plaintiff on October 25, 2018 had 5 reflex seizures caused by urinary retention (failure to urinate);

12. The (5) seizures, were caused when the Plaintiff's brain, spinal cord and bladder were not functioning as a unit. The Plaintiff who can't pass urine on his own uses "coude catheters to pass urine. By the Plaintiff being denied his catheters it caused his brain to seize up causing him to have reflex seizures, which is called Maturation.

13. During the course of (5) seizures the Plaintiff suffered a great deal of pain, lost his memory, knocked out his left rear tooth, cracked his left ribs, reinjured his left foot(in which he has foot drop) and reinjured his left index finger;

14. During the entire month of October 2018, the Plaintiff continued to ask defendants Andrews, Cruz, and Figueroa why he wasn't receiving his "coude" catheters and each defendant stated "they either forgot to order them or would order them";

15. Defendant(s) Andrews, Cruz and Figueroa, exercised a deliberate indifference to a serious medical need when they failed to order and provide the Plaintiff with the proper amount of coude catheters. Their failure to provide said catheters led to the Plaintiff suffering from seizure(s), injuries, and wanton infliction of pain.

4

20. In March of 2019, the Plaintiff had a legal visit with "Southern Poverty Law Firm" in which they discussed all the forms of retaliation the plaintiff was enduring as well as the denial of medical care;

21. The Plaintiff, expressed to his lawyers how the staff members at Suwannee Correctional continuously denied his rights and forced him to do things unsanitary such as reuse old catheters which led to excessive bleeding and multiple urinary infection(s);

22. After discussing all the violations that were occurring at Suwannee Correctional against the Plaintiff, Attorney Sumayya Salen of "Southern Poverty Law Firm" sent a letter to defendant(s) Hodgson, Figueroa and Cruz regarding their denial of coude catheters, their retaliation against the Plaintiff and told them to stop because such acts are constitutional violations;

23. On April 15, 2019 at or about 6 p.m., the Plaintiff was escorted to the medical building and placed in the ER-room where defendant Dunaway and another nurse (Jane doe) started calling the Plaintiff a "pussy mother fucker" and mushing him in the face, threatening to have their officer buddies commit bodily harm upon the Plaintiff if his lawyer continues to e-mail/write letters to defendant(s) Hodgson, Figueroa and Cruz this was witnessed by Sgt. J. Howard;

24. The Plaintiff and nurse Dunaway got into an argument going back and forth until Sgt. Howard had to stop the Plaintiff's and nurse Dunaway's argument. During the course of the argument nurse Dunaway stated the reason she makes sure that the Plaintiff doesn't

6

receive his coude catheters is because she hates inmates that sue the
state D.O.C. employees;

25. After the big argument between the Plaintiff and nurse Dunaway, the
Warden started coming to the Plaintiff's cell asking if he received his
coude catheters. This went on until Southern poverty and Florida
Justice Institute filed a 90 page Class Action law suit in which the
Plaintiff and 4 other inmates became the face of the law suit;

26. This law suit described how isolation at Suwannee Correctional has
worsened the Plaintiff's condition and caused him unnecessary and
wanton infliction of pain. This suit was filed on May 8, 2019 (4:19-
CV-00212-MW)

27. After the filing of this law suit by Southern Poverty Law Firm,
Suwannee Correctional entire staff started accusing the Plaintiff of
causing trouble and would be rewarded for his trouble;

28. For the next few months the Plaintiff had to endure hardships, his
food was played with, spit in, and other foul smelling things were put
in it. The law library denied him case law. He was continuously
denied recreation. His cell was searched constantly, items/property
were taken for no reason. Suwannee Correctional employees adverse
actions were so bad that several times the Plaintiff wanted to drop out
of the law suit(s) he has pending;

29. After continuous retaliatory conduct by D.O.C. employees on August
7, 2019 the Plaintiff's lawyer wrote another letter, this time to the

7

Secretary of D.O.C. and defendants lawyer about their retaliation against the Plaintiff, their denial of medical devices, denial of dayroom privileges, denial of shower, stating: how their action(s) exacerbates the Plaintiff's condition and has caused additional health problems and that they would like it stopped.

30. On August 28, 2019 a G-dorm nurse was passing out medication and gave the Plaintiff (4) coude catheters. 5 minutes after receiving catheters the Plaintiff went to urinate upon administering the catheter and noticed the tip of the catheter missing after removing it, immediately the Plaintiff began to bleed heavily with severe pain;

31. After observing that a piece of the catheter was stuck inside of the Plaintiff's penis, the Plaintiff immediately declared a medical emergency;

32. The Plaintiff was escorted to medical and was examined by the nurse practitioner who informed defendant Cruz that the Plaintiff needed to be sent to the hospital;

33. While awaiting to go to the hospital defendant Dunaway came into the prison's ER-room and told the Plaintiff " I told you I'll get your ass, always crying about a catheter, now the baby got something stuck in his wee wee";

34. After reaching the hospital the intake nurse and doctor both agreed that someone deliberately cut the catheter so that it would get stuck in the Plaintiff's penis;

8

35. On August 30, 2019 a urologist performed an invasive procedure to remove a 3 inch piece of catheter from the Plaintiff's penis;

36. The same day defendant Young came to the hospital and picked the Plaintiff up and escorted him back to the institution, the Plaintiff was hand cuffed and shackled and placed in his wheelchair; then placed into an institution van;

## UNNECESSARY USE OF FORCE BASED ON RETALIATION

37. Upon reaching the van defendant Young strapped the Plaintiff into the vans wheelchair holding locks. All the while threatening to do physical harm to the Plaintiff for filing a law suit against his friend Hodgson;

38. When defendant Young reached Suwannee Correctional, he pulled up behind the entrance gate of the transport garage of the man unit and got out of the van, then he entered the side door of the van, striking the Plaintiff multiple times in the face and ribs with a closed fist;

39. Each strike by defendant Young to the Plaintiff was maliciously and sadistically done to inflict pain and suffering. The Plaintiff's rear tooth was knocked out, his lip busted with more loosened teeth, his left eye was swollen as well, all while defendant Young was saying, stop filing law suits and grievances;

40. After being battered the Plaintiff was taken to the Annex and informed he was no longer on C/M. Upon reaching the Annex the Plaintiff was taken to P-dorm (confinement) where an intake nurse saw him and asked him what was wrong. The Plaintiff explained he

got battered and hurt all over. The nurse stated "that you need to wear it like a man"

41. After being seen by the nurse in P-dorm the Plaintiff was taken to an A.D.A cell and was told he was no longer on closed management and that he was pending transfer;

42. On September 4, 2019, the Plaintiff was taken out of his cell and told that he was getting a haircut; shave and his eyebrows were to be cut. The Plaintiff, refused and was taken back to his cell where an unknown officer went in the Plaintiff's cell while the other officer pushed his wheelchair to the cell, while at the door to the cell the officer in the cell threatened the Plaintiff bodily harm if he did not comply;

43. The Plaintiff, not wanting to get beaten again complied and got a shave, a haircut and his eyebrows trimmed. The unknown officer stated that this is how we do inmates who file law suits and grievances;

44. On September 6, 2019 the Plaintiff was transferred, before leaving the Plaintiff went to the property room where defendant Young informed the Plaintiff that all his property that was in his cell when he went to the hospital was given to Clifford Barnes so he had nothing but items that were stored;

45. A lot of valuable items were left in his C/M cell that cost the Plaintiff money; J-Pay tablet - $89, 2 pairs of Doctor comfort boots - $65 each, 18 – brand new books $35 each, 1 pair of Versace Glasses $312, 1 pair of New Balance sneakers - $71, 12 brand new magazines - $15 EACH, a full pajama outfit - $24, 2 pairs of shorts - $20 each, a sweat shirt - $28, and 625 pages of transcript - $625: Totaling = $2,125

**46.** Each defendant named in this law suit exercised a deliberate indifference to the Plaintiff's health and safety. Violating his First and Eighth Amendment rights and did so under color of state law;

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

**47.** Each violation mentioned herein was grieved through the 3-step process with respect to each violation;

## CLAIMS OF LEGAL RELIEF

**48.** "Plaintiff re-alleges and incorporates by reference paragraphs 1-46"

Defendant Christopher Hodgson- The warden of Suwannee Main Unit at the time of the incidents exercised a deliberate indifference to the Plaintiff's health and safety violating the Plaintiff's First and Eighth Amendment Rights.

A).   By allowing his subordinates to violate the Plaintiff's rights after being placed on notice through the grievance process that his rights were violated;

B).   By allowing the medical staff to continually deny the Plaintiff catheters;

C).   By allowing fellow defendants to violate the Plaintiff's rights after being placed on notice by the Plaintiff's lawyers via email/letters;

D).   Defendant Hodgson's lack of authority led to the plaintiff's medical conditions being exacerbated causing more serious health problems for the Plaintiff;

E).   Defendant Hodgson failure to stop his subordinates from retaliating against the Plaintiff, was a clear violation of the Plaintiff's First Amendment Rights;

11

F).    Defendant Hodgson's failure to stop his subordinates
from denying the plaintiff catheters which caused more severe
health problems violated the Plaintiff's Eighth Amendment
Rights;

49.   Defendant Alexis Figueroa- Exercised a deliberate indifference to the
Plaintiff's serious medical needs when they should have allowed their
subordinates to tamper with and/or failed to give the Plaintiff's coude
catheters after being placed on notice that he was not getting them;
Defendant Figueroa acted in a malicious and sadistic manner because
he knew that   his staff wasn't supplying the Plaintiff with needed
catheters but allowed it to go on knowing that such an act could have
led to bladder damage among other serious health conditions; In the
Plaintiff's case he was diagnosed with "Micturition" which is a
complex process involving the bladder, spinal cord, brain which when
you have urinary retention (cannot urinate) and you just store urine. It
cause you to have seizures;

Defendant Figueroa should have known that failing to give the
Plaintiff his coude catheters it could lead to micturition in which the
seizures caused great bodily harm. Such acts violated the Plaintiff's
Eighth Amendment Rights and were purposely done with an evil
intent to cause the Plaintiff harm physically;

50.   Defendant Cruz – exercised a deliberate indifference to the Plaintiff's
serious medical needs when he failed to make sure that his
subordinates supplied the Plaintiff with the coude catheters after being
placed on notice that the Plaintiff wasn't receiving them; defendant
Cruz acted in a malicious and sadistic manner because he knew that
his staff wasn't supplying the Plaintiff with the required catheters

12

which he knew could lead to serious bladder damage. In the Plaintiff's case, defendant Cruz's actions led to the Plaintiff being diagnosed with mictrurition, which is a complex process involving the bladder, spinal cord, and brain which is caused by not being able to urinate. This in fact led to the Plaintiff having multiple seizures. Defendant Cruz, a health care professional should have known that the denial of catheters could lead to mictrurition and multiple seizures as well as a great deal of physical harm. Such acts violated the Plaintiff's Eighth Amendment Rights.

51. Defendant (Jane) Dunaway – exercised a deliberate indifference to the Plaintiff's serious medical needs by purposely prompting others and herself to deny the Plaintiff coude catheters, knowing such an act could lead to great physical harm; defendant Dunaway's acts were so serious that the Plaintiff suffered physically because it led to him having seizures, losing his memory, knocking out his rear tooth, fracturing his ribs as well as reinjuring his left foot and left index finger; defendant Dunaway acts were done in a malicious and sadistic way because the Plaintiff exercised his first Amendment right to file grievances and law suits. Such acts also violated the Plaintiff's Eighth Amendment rights and led to physical harm and injury;

52. Defendant (Jane) Andrews – Exercised a deliberate indifference to the Plaintiff's serious medical needs when she continuously failed to order or have ordered the Plaintiff's "coude" catheters. Defendant Andrews, who is a professional nurse knows that anytime a person cannot urinate, he or she must use catheters. If catheters are not used he/she will get micturtion. Micturition is a process involving the bladder, spinal cord and brain which cause he/she to have seizures.

13

Defendant Andrews knew that the Plaintiff would start seizing up if she failed to give him his coude catheters. This act caused the Plaintiff to lose memory, knocked out his rear tooth, cracked his ribs, reinjured left foot, as well as reinjured his left index finger. Defendant Andrews' failure to supply the Plaintiff coude catheters resulted in an Eighth Amendment violation. Defendant Andrews' actions were malicious and sadistically done to exacerbate the Plaintiff's conditions and to cause unnecessary and wanton infliction of pain;

53. <u>Defendant (John) Young</u> – unnecessary use of force was malicious and sadistically done with the intent to cause physical injury and stop the Plaintiff from filing grievances and law suits. Defendant Young purposely struck the Plaintiff injuring his left eye, left rib and busting his lip all with an evil intent. There was no physical threat to defendant Young because the Plaintiff was hand cuffed and shackled while sitting in his wheelchair. The Plaintiff did not try to escape. So defendant Young's use of force was done to cause physical harm. The use of force by defendant Young was purposely done to stop the Plaintiff from exercising his constitutional rights to file grievances and law suits. This type of act amounted to a First and Eighth Amendment violation.

**PRAYER FOR RELIEF**

54. Wherefore, the Plaintiff respectfully asks this court to enter judgment:

    A). Granting Plaintiff declaration that acts and omissions described herein violated his rights under the U.S. Constitution and law;

    B). Granting Plaintiff compensatory damages;

      1. Defendant Christopher Hodgson: $50,000

14

**2.** Defendant Alexis Figueroa:      $50,000

**3.** Defendant (John) Cruz:          $50,000

**4.** Defendant (Jane) Dunaway:       $75,000

**5.** Defendant (Jane) Andrews:       $75,000

**6.** Defendant (John) Young:         $80,000

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   4|7|22

Signature of Plaintiff   _Jerome Burgess AKA Shan'la God Allah_

Printed Name of Plaintiff   _Jerome Burgess aka Shan'la God Allah_

Prison Identification #   990922

Prison Address   4455 Sam Mitchell Dr.

CHIPLEY                 FL        32428

City                      State       Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____

_____

City                      State       Zip Code

Telephone Number   _____

E-mail Address   _____