UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROME BURGESS,
a.k.a Sham'la God Allah,

        Plaintiff,

vs.                              Case No. 3:22-cv-416-BJD-PDB

CHRISTOPHER HODGSON,
et al.,

        Defendants.

_____

**ORDER**

**I. Status**

Plaintiff is proceeding pro se on a civil rights complaint (Complaint) (Doc. 1) against Warden Christopher Hodgson, Dr. Alexis Figueroa, Nurse Dunaway, Nurse Andrews, Correctional Officer Young, and Dr. Cruz, employees of the Florida Department of Corrections. This cause is before the Court on Defendant, Alexis Figueroa, M.D.'s Motion to Dismiss Plaintiff's Complaint (Motion) (Doc. 25). See Order (Doc. 6). Plaintiff filed an Amended Response to Defendant's Motion to Dismiss (Response) (Doc. 30).

In his Complaint, Plaintiff alleges that while he was confined at Suwannee Correctional Institution (SCI), Dr. Figueroa "exercised a deliberate indifference to a serious medical need" when he failed to order and provide

Plaintiff with catheters.  Complaint at 14.  Plaintiff claims Defendant Dr. Figueroa, in violation of the Eighth Amendment, deliberately failed to provide the catheters in retaliation for Plaintiff submitting institutional grievances, in violation of the First Amendment.  Complaint at 13-17, 21.  Plaintiff seeks declaratory relief as well as compensatory damages.  Id. at 23-24.

## II.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555).  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), however, "the allegations must state a claim for relief that is plausible, not merely possible."  Gill v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) (citation omitted).

### III. Complaint

In his Complaint, Plaintiff alleges he was on close management confinement at SCI when he was diagnosed with high blood pressure, thyroid complications, urinary retention, and left side paralysis.  Complaint at 13.  He is a wheelchair dependent inmate.  Id.  Medical professionals prescribed multiple medications and catheters for his urinary retention.  Id.  The catheters were to be used four times a day.  Id.  After he filed a civil rights complaint in 2018, several officers and nursing staff began commenting about his litigiousness, and then staff at SCI began retaliating against him for filing grievances and lawsuits.  Id.

From March 2018 to August 2019, Plaintiff grieved the fact that he was being denied catheters by medical staff.  Id.  He complained he was forced to reuse old catheters, which resulted in urinary tract infections, bleeding, seizures, and resulting medical procedures.  Id.

In response to Plaintiff's grievance, Dr. Figueroa said he would ensure that Plaintiff would receive proper catheters.  Id.  Although Plaintiff declared multiple medical emergencies due to severe pain and swelling of the stomach, during the entire month of October 2018, he was not provided with catheters.  Id. at 14.  Since Plaintiff did not have catheters, nursing staff had to administer a procedure to drain Plaintiff's bladder.  Id.  Due to the denial of catheters, Plaintiff suffered five seizures caused by urinary retention.  Id.  As a result,

3

Plaintiff suffered pain, loss of memory, knocked out a tooth, cracked his left ribs, and reinjured his left foot and index finger.  Id.  Upon inquiry, Defendant Figueroa said he forgot to order the catheters, or he would order them.  Id.  Defendant Figueroa failed to order catheters or ensure that they were provided to Plaintiff.  Id.

On Plaintiff's behalf, an attorney sent a letter to Defendant Figueroa regarding the denial of catheters and retaliatory actions of staff at SCI.  Id. at 15.  Defendant Dr. Figueroa allowed his subordinates to tamper with or fail to provide Plaintiff with catheters, knowing it would cause serious damage and seizures.  Id. at 21.

## IV. Exhaustion

"[U]nder Federal Rule of Civil Procedure 12(g)(2), a defendant must raise the exhaustion defense in his first Rule 12 motion, otherwise the defense is forfeited and cannot be raised in a later motion under Rule 12."  Brooks v. Warden, 706 F. App'x 965, 968 (11th Cir. 2017) (footnote omitted).[1]  In his Motion, Defendant Dr. Figueroa contends Plaintiff failed to exhaust his

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

administrative remedies pursuant to the requirements of the Prison Litigation

Reform Act, 42 U.S.C. § 1997e(a).  Motion at 2-4, 16-21.

The Eleventh Circuit instructs,

> Deciding a motion to dismiss for failure to exhaust proceeds in two steps: first, looking to the defendant's motion and the plaintiff's response, the court assesses whether dismissal is proper even under the plaintiff's version of the facts; and second, if dismissal is inappropriate under the plaintiff's version of the facts, the court makes "specific findings in order to resolve the disputed factual issues related to exhaustion." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The burden is on the defendant to show a failure to exhaust. Id. A prisoner must exhaust each claim that he seeks to present in court. See Jones,[2] 549 U.S. at 219–20, 127 S. Ct. 910 ("All agree that no unexhausted claim may be considered.").

Arias v. Perez, 758 F. App'x 878, 880 (11th Cir. 2019) (per curiam).

In the Complaint, Plaintiff states he exhausted his claims for First and

Eighth Amendment violations.   Complaint at 7-8.   Attached to Plaintiff's

Response is a November 8, 2018 Request for Administrative Remedy or Appeal

addressed to the warden concerning Plaintiff's complaint that Defendant Dr.

Figueroa and the medical staff continuously fail to order catheters in violation

of Plaintiff's Eighth Amendment rights.  (Doc. 30-1 at 2, Formal Grievance Log

Number  1811-230-016).   At  the  bottom  of  this  formal  grievance  it  states

---

[2] Jones v. Bock, 549 U.S. 199, 216 (2007).

received November 8, 2018 by the Assistant Warden- Programs, SCI, and the document is signed by staff as received.  Id.  There is a stamp, "See Attached Response 13/14."  Id.  Neither party provided the grievance response.

Upon review, dismissal is not warranted at the first step.  After considering Defendant's arguments and the exhibits presented, the Court makes findings of fact pursuant to the second step.  To fully exhaust, Plaintiff was required to use the grievance procedure set forth in the Florida Administrative Code, Chapter 33-103.  Of import, Defendant Figueroa makes no mention of Formal Grievance Log Number 1811-230-016, and it is not contained within the documents submitted to the Court in support of his Motion.  As noted above, the burden is on the defendant to show failure to exhaust administrative remedies.  Based on this record, it is not apparent to this Court that Plaintiff failed to exhaust his administrative remedies with regard to his Eighth Amendment claim of deliberate indifference to a serious medical need raised against Defendant Dr. Figueroa.

The Court has reviewed and considered all of the grievances and grievance responses before the Court and Defendant Dr. Figueroa has failed to meet his burden.  Based on all reasonable inferences, Plaintiff has shown that he filed a grievance concerning the alleged claim of deliberate indifference by Defendant Dr. Figueroa or fully exhausted this contention through available administrative remedies in compliance with the procedural rules of the FDOC.

The Court concludes that the Motion for failure to exhaust administrative remedies is due to be denied in this respect.

The record also shows that Plaintiff exhausted his claim of retaliation. Attached to the Response is a September 12, 2019 Request for Administrative Remedy or Appeal addressed to the warden concerning Plaintiff's complaint of retaliation. (Doc. 30-1 at 4, Formal Grievance Log Number 1909-463-066). At the bottom of this formal grievance it states it was submitted by the inmate on February 27, 2019 to the Assistant Warden- Programs, SCI, and the document is signed by staff as received. Id. There is a stamp, "See Attached Response 27/28." Id.

The entire grievance is attached to the Motion. (Doc. 25-1 at 77-78). The October 1, 2019 response states:

> Your allegations will be reported to the Office of the Inspector General for further investigation. Once their investigation is complete, you will be notified and appropriate action will be taken by the Department.
>
> This formal grievance is being approved to the extent that the information will be forwarded to the Office of the Inspector General to conduct a thorough investigation of the inmate's allegations.
>
> Based on the above information, your grievance is **APPROVED**.

Id. at 76 (emphasis added).

Although Defendant Dr. Figueroa references this grievance and response, he contends there is no evidence Plaintiff timely appealed the denial of the grievance.  Motion at 20-21.  On the contrary, the record shows the grievance was approved, not denied.  Therefore, Defendant's argument is baseless.

The Court has reviewed and considered all of the grievances and grievance responses before the Court and Defendant Dr. Figueroa has failed to meet his burden.  Based on all reasonable inferences, Plaintiff has shown that he filed a grievance concerning the alleged claim of retaliation or fully exhausted this contention through available administrative remedies in compliance with the procedural rules of the FDOC.  The Court concludes that the Motion for failure to exhaust administrative remedies with regard to the claim of retaliation is due to be denied.

## V. Abuse of Judicial Process

Defendant Dr. Figueroa urges this Court to dismiss the Amended Complaint for abuse of the judicial process because Plaintiff failed to reveal all of his prior federal and state cases.  Motion at 21-23.  Defendant submits an exhibit (Doc. 25-2) in support of this contention, an opinion from the Fifth District Court of Appeal prohibiting Plaintiff from filing further pro se

pleadings in Case No. 5D 12-3993 that references a <u>Spencer</u>[3] order prohibiting Plaintiff from filing further pro se pleadings concerning St. Johns County Seventh Judicial Circuit Case No. CF01-488.

Upon review of the Complaint, Plaintiff responded affirmatively that he had filed other lawsuits in state or federal court dealing with the same facts, referencing case no. 3:21-cv-358-TJC-PDB. Complaint at 9. He was also asked, "[h]ave you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?" <u>Id</u>. Plaintiff responded yes. <u>Id</u>. at 10. He listed one previous lawsuit, case no. 3:18-cv-277-J-39MCR. <u>Id</u>.

Defendant refers to three other cases pertaining to prison conditions which Plaintiff failed to mention: 4:19-cv-212-AW-MAF; 5:13-cv-381-MP-GRJ; and 3:16-cv-1315-HES-PDB. Motion at 22. Defendant asks that this Court issue an order to show cause to give Plaintiff an opportunity "to explain his underhanded tactics" and then ultimately dismiss the case as an abuse of the judicial process. <u>Id</u>. at 24-25.

In response to Defendant's contention of abuse of the judicial process, Plaintiff responds that he grieved the fact that he was sent to the hospital and his property was not safeguarded while he was gone from the institution. Response at 7. He states that without his legal material, it was difficult for

---

[3] <u>State v. Spencer</u>, 751 So. 2d 47 (Fla. 1999).

him to provide a detailed account of his case filing history.  Id.  See (Doc. 30-4).

Under these particular circumstances, the Court will decline Defendant's request that the Court issue an order to show cause and dismiss the case as an abuse of judicial process.  Plaintiff truthfully responded that he previously filed a case dealing with the same facts.  He also truthfully responded that he had filed other lawsuits relating to the conditions of his confinement.  Although he did not provide the Court with a complete list of his prior cases, he explains that he had lost his property after being sent to the hospital and was unable to fully comply.  As such, the Court will decline to issue an order to show cause and will deny the Defendant's Motion to Dismiss for abuse of the judicial process.

## VI.  Deliberate Indifference

The Eighth Amendment forbids the infliction of cruel and unusual punishments, U.S. Const. amend VIII, and the Cruel and Unusual Punishments Clause of the Amendment prohibits deliberate indifference to serious medical needs of prisoners.  Wade v. McDade, No. 21-14275, 2023 WL 3574362, at *5 (11th Cir. May 22, 2023) (citing Estelle v. Gamble, 429 U.S. 97, 104-105 (1976)).  To establish deliberate indifference to a serious medical need a plaintiff must show: (1) that there was an objectively serious medical need; (2) subjectively, that the defendant was deliberately indifferent to that need;

and (3) causation between that indifference and the plaintiff's injury. <u>Goebert</u> <u>v. Lee Cnty.</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). For the subjective component, a plaintiff must show that the defendant was deliberately indifferent because he (1) had subjective knowledge of a risk of serious harm; (2) disregarded that risk; and (3) acted with "more than gross negligence." <u>Patel v. Lanier Cnty. Ga.</u>, 969 F.3d 1173, 1188 (11th Cir. 2020) (quoting <u>Harper</u> <u>v. Lawrence Cnty.</u>, 592 F.3d 1227, 1234 (11th Cir. 2010)). <u>See</u> <u>Wade</u>, 2023 WL 3574362, at *5, *7 (noting an unmedicated seizure disorder satisfies the objective threshold and reiterating that a deliberate-indifference claim's subjective component entails the three subparts).

The "deliberate indifference standard is 'a difficult burden for a plaintiff to meet[.]'" <u>West v. Tillman</u>, 496 F.3d 1321, 1327 (11th Cir. 2007) (quoting <u>Popham v. City of Talladega</u>, 908 F.2d 1561, 1563 (11th Cir. 1990)). Simply put, "mere misdiagnosis or subpar care, even if it rises to the level of medical malpractice, does not constitute deliberate indifference." <u>Simmons v. Fla.</u> <u>Dep't of Corr.</u>, No. 5:14-CV-438-BJD-PRL, 2015 WL 3454274, at *10 (M.D. Fla. May 29, 2015). Further, "whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d

1537, 1545 (11th Cir. 1995) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976)).

Taking the allegations in the Complaint as true and construing them in the light most favorable to Plaintiff, he adequately states a claim for medical deliberate indifference.  He contends Defendant Dr. Figueroa repeatedly failed to provide or ensure that Plaintiff was provided with catheters, with allegedly dire consequences.  These allegations do not sound in negligence.

Plaintiff alleges facts that make it plausible that Defendant Dr. Figueroa knew of his risk of serious medical need and disregarded it through conduct that constituted something more than gross negligence.  Plaintiff further alleges that Defendant Dr. Figueroa purposely failed to provide the catheters in a deliberately indifferent manner.  Based on Plaintiff's allegations, this is not simply a dispute over the medical staff's medical judgment and adequacy of the medical attention provided.  Plaintiff alleges that Defendant Figueroa knew Plaintiff was suffering due to the lack of catheters but refused to obtain the necessary medical equipment or has alleged facts showing Defendant Figueroa had subjective knowledge that Plaintiff was suffering ill effects from the lack of catheters or had subjective intent to punish or retaliate against Plaintiff.  Plaintiff's allegations rise to the level of a constitutional violation, not mere negligence nor malpractice.  Here, Plaintiff complains Dr. Figueroa

disregarded Plaintiff's medical condition and utterly failed to address his medical needs.  As such, the Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED**:

1.      Defendant Dr. Figueroa's Motion to Dismiss (Doc. 25) is **DENIED**.

2.      Defendant Dr. Figueroa shall answer or otherwise respond to the Complaint (Doc. 1) by **July 26, 2023.**

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/24
c:
Jerome Burgess, a.k.a Sham'la God Allah
Counsel of Record