UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEROME BURGESS
a.k.a. Sham'la God Allah,

    Plaintiff,

v.                                                                            No. 3:22-cv-416-BJD-PDB

CHRISTOPHER HODGSON, et al.,

    Defendants.
_____

## ORDER

### I. Status

Plaintiff, an inmate in the Florida Department of Corrections (FDOC) who is proceeding as a pauper, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) against Warden Christopher Hodgson, Dr. Alexis Figueroa, Nurse Dunaway, Correctional Officer Young, and Dr. Cruz.[1] On May 30, 2023, and June 3, 2024, the Court denied motions to dismiss filed by Defendants Figueroa, Cruz, and Dunaway, which argued, in part, that Plaintiff failed to exhaust his administrative remedies before filing this case. *See* Orders (Docs. 37, 92).

---

[1] Plaintiff also named Nurse Andrews, but the Court dismissed all claims against Andrews. *See* Order (Doc. 90).

Before the Court are Motions to Dismiss filed by all Defendants arguing that Plaintiff perpetuated a fraud on the Court and therefore this action should be dismissed. *See* Defendants Figueroa, Cruz, and Dunaway's Motion to Dismiss for Fraud on the Court, or in the Alternative, Motion to Reconsider Denial of Defendants' Motions to Dismiss for Failure to Exhaust (Doc. 99); Defendants Hodgson and Young's Motion to Dismiss Action as Frivolous and Malicious (Doc. 109). Plaintiff responded in opposition to both Motions. *See* Plaintiff's Response to Motion to Dismiss (Doc. 106); Plaintiff's Response to Defendants Hodgson and Young's Motion to Dismiss for Fraud (Doc. 111). Defendants' Motions are ripe for review.

## II. Analysis

In his original and amended responses to Defendants Figueroa's, Cruz's, and Dunaway's initial motions to dismiss based on exhaustion, Plaintiff filed a copy of a formal grievance with log # 1811-230-016 handwritten on it. *See* Doc. 28-1 at 2; Doc. 30-1 at 2; *see also* Doc. 88 at 2 (referring to formal grievance log # 1811-230-016); Doc. 89 at 2 (same). The Court relied on this formal grievance in denying Defendants' motions. *See* Order (Doc. 37) at 5-6; Order (Doc. 92) at 7-8.

Defendants now argue that Plaintiff created that fake grievance, forged the log number on it, and never submitted the grievance to prison officials. To

support this argument, Defendants Figueroa, Cruz, and Dunaway filed a Declaration by Alan McManus, the Bureau Chief of the Bureau of Policy Management and Inmate Appeals with the FDOC (Doc. 99-2). Mr. McManus avers in pertinent part as follows:

> I have had an opportunity to review several inmate grievance records associated with [this case].
>
> Based on that review, I conclude that a formal inmate grievance that Inmate Jerome Burgess DC# 990922[] . . . submitted to this Court as exhibits in his Response to Defendant's Motion to Dismiss (Doc. 28-1) and Amended Response to Defendant's Motion to Dismiss (Doc. 30-1) is a forgery.
>
> . . . .
>
> Turning to the instant case, in September of 2024, I reviewed the grievance files of Inmate Burgess, Plaintiff in the above-styled lawsuit, and Jason Woods, DC #127422, an inmate at Suwannee CI in November 2018.
>
> Based on my review, grievance number **1811-230-*015*** was filed by Mr. Burgess. . . . This grievance . . . was received on November 8, 2018 at the Suwannee Correctional Institution. . . . [G]rievance number **1811-230-*016*** was filed by Mr. Woods, **not** Mr. Burgess.
>
> . . . .
>
> My examination [of the allegedly forged formal grievance filed by Plaintiff] reveals that someone copied and pasted the top portion of [that grievance] from one of Mr. Burgess's previously submitted grievances, and copied and pasted the bottom portion

(under the text box) of [that grievance] from one of Mr. Burgess's previously submitted grievances.

In the bottom portion [of that grievance], it appears that someone altered the "5" on the grievance number to look like a "6," giving the impression that 1811-230-[0]15 was actually 1811-230-[0]16.

It also appears that someone pasted handwritten language into the text box in the middle [of the grievance]. Based on my review of grievance records, the language in the text box . . . was never submitted to correctional officials.

. . . .

Based on my review of records, Mr. Burgess only filed one grievance in November 2018: grievance number **1811-230-*015***.

I can conclude, with absolute certainty, that Mr. Burgess did **not** author nor file grievance number **1811-230-*016*** in November 2018.

It is undisputed that Mr. Woods drafted and submitted grievance number **1811-230-*016***.

I can also conclude, with absolute certainty, that the grievances Mr. Burgess attached to Docs. 28 and 30 are forgeries.

Doc. 99-2 at 1-6 (paragraph enumeration and internal citations omitted).

Attached to Mr. McManus's Declaration is the FDOC's copy of formal grievance log # 1811-230-016, which was drafted by inmate Woods on November 7, 2018. *Id.* at 11. And Defendants Hodgson and Young filed the FDOC's response to formal grievance log # 1811-230-016, which is directed to

Inmate Woods and addresses the concerns he raised in his grievance. Doc. 109-1 at 2.

District courts "have the inherent authority to issue sanctions as a punishment for bad-faith behavior in the proceedings before them." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1304 (11th Cir. 2020) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).

> A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." [*Chambers*, 501 U.S.] at 43 (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). This power "must be exercised with restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45. A court may exercise this power "to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (citing *Chambers*, 501 U.S. at 45-46). The dual purpose of this power is to vindicate judicial authority without resorting to a contempt of court sanction and to make the prevailing party whole. *See Chambers*, 501 U.S. at 46. The key to unlocking a court's inherent power is a finding of bad faith. *See Sciarretta [v. Lincoln Nat'l Life Ins. Co.]*, 778 F.3d [1205,] 1212 [(11th Cir. 2015)].

*Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (internal citations modified).

5

A review of Defendants' Motions and exhibits attached thereto reflect that Plaintiff filed a forged document in an effort to defeat Defendants Figueroa's, Cruz's, and Dunaway's exhaustion arguments. A close review of the document reveals that the preprinted text below the text box is crooked and does not contain the same amount of spacing between the text and the line above it, as if someone took multiple documents and tried to copy different portions onto one page. *Compare* Doc. 30-1 at 2 (the most clear example is the preprinted text, "BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS," which is crooked underneath the line of the text box above it), *with* Doc. 99-2 at 10.[2] And the last number in the handwritten grievance log number does appear to have been altered from a "5" to a "6." *See* Doc. 30-1 at 2. It appears that someone took the true copy of grievance log # 1811-230-015 (Doc. 99-2 at 10) filed by Mr. Burgess and created a fake grievance (Doc. 30-1 at 2)—modifying the last number to a six and copying that onto a grievance form that was never actually submitted to FDOC officials. The evidence further shows that the true grievance log # 1811-230-016 was filed by inmate Woods. *See* Doc. 99-4 at 1. The "6" written by M. Henck on inmate Woods's grievance (*id.*) does not match the "6" written on the grievance

---

[2] Both grievances are on the DC1-303 (revised 2/05) form. *See* Doc. 30-1 at 2; Doc. 99-2 at 10. Thus, the preprinted text should appear the same.

6

submitted by Plaintiff (Doc. 30-1 at 2). The evidence clearly and convincingly shows that Plaintiff filed a fraudulent document with this Court.

Plaintiff attempts to counter Defendants' assertions by arguing that Mr. McManus's Declaration is useless because he was not the grievance coordinator at the time and that the grievance coordinator (M. Henck) may have assigned the same log number to two different grievances by mistake. *See* Doc. 106 at 3-4; Doc. 111 at 3-6. Plaintiff also accuses Defendants of perpetrating a fraud on the Court. *See* Doc. 106 at 3 ("The only 'Fraud of the Courts' was done by the Defendant[]s who presented a sworn affidavit by 'Alan McManus' stating he knew with a certainty the Plaintiff did not author grievance log # 1811-230-016.").

Defendants Hodgson and Young filed the Declaration of Magen Stofel, who is currently a Classification Officer at Suwannee Correctional Institution (Doc. 109-2 at 2-3). Ms. Stofel advises that Ms. Henck passed away in May 2022. *Id.* at 2. Ms. Stofel was a Grievance Coordinator at Suwannee from September 17, 2017, through March 3, 2023, and she worked alongside Ms. Henck. *Id.* Ms. Stofel avers that she is "familiar with how [Ms. Henck] processed grievances because it was the same way that [she] processed grievances." *Id.* Ms. Stofel states: "It has never been the policy at [Suwannee] to give two grievances the same log number. Every grievance is given its own

7

log number so that it is easily identified both as to what grievance and topics that it is referring to and which inmate filed that grievance." *Id.* at 3 (paragraph enumeration omitted). Further, Ms. Stofel avers that she is "not aware of M[s.] Henck ever giving two grievances the same log number. During the time we worked together as grievance coordinators, which included November 2018, this oversight never occurred." *Id.*

To believe Plaintiff, the Court would have to assume that Ms. Henck mistakenly assigned the same grievance number to two separate grievances and failed to log Plaintiff's grievance but logged inmate Woods's grievance. The records submitted by Defendants clearly overcome Plaintiff's unsupported speculation.

Undoubtedly, Plaintiff filed an altered document in an attempt to defeat Defendants' motions to dismiss. He was successful in doing so—the Court relied on the fraudulent document in denying the motions. Plaintiff's actions were willful and done in bad faith. Indeed, it is difficult to imagine a circumstance in which Plaintiff accidentally could have modified (or had someone else modify) the document and then file it, rely on it, and continue to challenge Defendants' assertions in light of clear and convincing evidence that the document is fraudulent. Instead, Plaintiff intentionally used this fake grievance to avoid dismissal for failure to exhaust. Plaintiff's actions not only

8

directly prejudiced Defendants Figueroa, Cruz, and Dunaway by improperly influencing the Court's analysis on their original motions to dismiss, but it also harmed the other Defendants by compelling them to devote time and resources to addressing Plaintiff's fraud. Further, Plaintiff's actions have impeded the due administration of justice and attacked the integrity of the judicial system, wasting the Court's limited time and resources.

The Court previously warned Plaintiff that if this case is dismissed as a sanction for abuse of the judicial process or as frivolous or malicious, it could count as a strike under 28 U.S.C. § 1915(g) and that any dismissal of the case would likely be tantamount to a dismissal with prejudice based on the running of the statute of limitations. *See* Orders (Docs. 107, 110). Despite Plaintiff being on notice that the Court was contemplating dismissal of this case, rather than try to explain his actions, Plaintiff decided to "double down" on his position. *See generally* Docs. 106, 111. Plaintiff's unsupported speculation and accusations further compound his bad-faith behavior.

The Court recognizes the severity of a sanction of dismissal of this case—especially considering any dismissal is tantamount to a dismissal with prejudice. Nevertheless, Plaintiff's willful, bad-faith conduct warrants such an extreme sanction. There simply is no place in litigation for a party to knowingly and intentionally file a fraudulent document to advance his claims. Tolerance

9

of such behavior is antithetical to the due administration of justice, wastes time and limited judicial resources, and prejudices opposing parties. *See Chambers*, 501 U.S. at 44 ("[T]ampering with the administration of justice" by perpetrating a fraud on the Court "is a wrong against the institutions set up to protect and safeguard the public." (internal quotation marks and citations omitted)). Given the circumstances, the Court finds that a lesser sanction will not suffice. Indeed, Plaintiff is proceeding as a pauper, *see* Order (Doc. 5), and even if Plaintiff could afford to pay a monetary sanction, the Court finds that such a sanction is not responsive to the harm caused by Plaintiff's bad-faith conduct. Another available alternative is to strike the altered document or only dismiss the claims against Defendants Figueroa, Cruz, and Dunaway, but doing so would not be an effective sanction as it would invite abuse of the judicial process and the submission of manufactured evidence in a case. A litigant, like Plaintiff, who defrauds the Court should not be permitted to continue the prosecution of his case. *See Secrease v. W. & S. Life Ins. Co.*, No. 1:14-CV-00955-JMS, 2015 WL 275606, at *1 n.1, *5 (S.D. Ind. Jan. 21, 2015), *aff'd*, 800 F.3d 397 (7th Cir. 2015) (dismissing case with prejudice, including claims against unserved defendants, as a sanction for the plaintiff's submission of a fraudulent document and untruthful explanations for doing so). Dismissal of the entire case is the only available sanction sufficient to deter future bad-

10

faith conduct, protect Defendants, and preserve the integrity of the judicial system.[3]

Accordingly, it is

**ORDERED**:

1.    Defendants Figueroa, Cruz, and Dunaway's Motion to Dismiss for Fraud on the Court, or in the Alternative, Motion to Reconsider Denial of Defendants' Motions to Dismiss for Failure to Exhaust (Doc. 99) and Defendants Hodgson and Young's Motion to Dismiss Action as Frivolous and Malicious (Doc. 109) are **GRANTED to the extent** that this case is **DISMISSED with prejudice**.

2.    Defendants' Motions for Summary Judgment (Docs. 61, 84, 103) are **DENIED as moot**.

3.    The **Clerk of Court** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 27th day of May, 2025.

_____
BRIAN J. DAVIS
United States District Judge

---

[3] See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (affirming dismissal with prejudice of claims based on pro se prisoner's submission of false affidavits).

JAX-3 5/23
c:
Jerome Burgess, #990922
Counsel of Record